IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3151-D

DOUGLAS GENE WHITFIELD,[1]          )
                                    )
                 Plaintiff,         )
                                    )
         v.                         )           **ORDER**
                                    )
DICK JENKINS SHERIFF et al.,        )
                                    )
                 Defendants.        )

On August 26, 2010, Douglas Gene Whitfield ("Whitfield" or "plaintiff"), a pretrial detainee[2] proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 against Nash County Sheriff Dick Jenkins, Lieutenant Randle Smith, and Detective Darrel Land [D.E. 1]. Whitfield seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 2]. On December 16, 2010, Whitfield filed a motion to appoint counsel [D.E. 7]. On January 12, 2011, Whitfield filed a motion for default judgment [D.E. 8]. On February 14, 2011, Whitfield filed a motion to amend his complaint [D.E. 9].

---

[1] To the extent that Whitfield attempts to assert any claims on behalf of any other individual, see, e.g., Compl., Attach. at 7–8 (statements of other inmates), plaintiff is not a lawyer and may not assert any claim on behalf of another prisoner. See Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (unpublished); Fowler v. Lee, 18 F. App'x 164, 165 (4th Cir. 2001) (per curiam) (unpublished); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam).

[2] Whitfield alleges that he has been "accused of many crimes, and . . . forced by the Nash County DA to plea to charges[,]" Compl., Attach. at 1, but it does not yet appear that his conviction is final.

Courts must review complaints in civil actions in which pro se litigants seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 2011 WL 500227 (U.S. June 27, 2011) (No. 10-1016); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

A party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of opposing counsel or by leave of court. Fed. R. Civ. P. 15(a)(2). Because Whitfield's complaint is subject to review under section 1915A, no defendant

2

has been served. Accordingly, Whitfield's motion to amend is granted in part,[3] and the court reviews the additional materials together with the original complaint to determine whether Whitfield has stated any claim upon which relief can be granted.

Whitfield makes several claims, all arising out of a criminal investigation against him and his resulting pretrial confinement at the Nash County Jail.[4] First, Whitfield alleges that letters from his wife, friends, and family members were "obstructed and intercepted" by defendants Jenkins and Smith and returned to the senders or otherwise confiscated, and that he is required "to leave . . . outgoing mail open even after . . . put[ting] a federal stamp on the envelope." Compl. 4–5 & Attach. at 1. Whitfield also alleges that unnamed jail personnel opened his attorney mail without Whitfield being present. Id., Attach. at 1. Next, Whitfield alleges that he has ordered canteen items on several occasions, but has not received the items because he has been transferred between the Nash County Jail and Craven Correctional Institution. Id. at 5 & Attach. at 4. Whitfield also asserts that he was denied medical care for pain and swelling in his knee. However, once Whitfield's attorney notified defendant Jenkins that Whitfield needed medical care, he "was transfered [sic] within 2 hours to Craven" and "saw a doctor immediately and received a cane to help [him] walk and medication for . . . swelling." Id., Attach. at 2. Next, Whitfield asserts that he was forced to share a cell with his co-defendants and "had to lay awake at night to make sure [he] wasn't stabbed." Id., Attach. at 2–3. Whitfield also asserts that he was "placed in the 'hole' because another inmate had his mother sneaking him contraband into the jail," even though a "raid" of Whitfield's cell did not reveal any

---

[3] In his amended complaint, Whitfield names as defendants "Larry Dall" and "Dr. Engleman" but does not explain how these defendants have any connection to his allegations concerning the Nash County Sheriff's Department and Jail. Thus, to the extent Whitfield seeks to amend his complaint to name these persons as defendants, the court denies his motion to amend.

[4] Whitfield is now confined at Craven Correctional Institution. Am. Compl. 4.

3

contraband "on [Whitfield's] person nor in [his] belongings" and "many of the guilty parties were not" placed in the hole. Id., Attach. at 3. Next, Whitfield challenges the amount of his bond, and asserts that it was set "unlawfully high" because of Detective Land. Id. Whitfield also asserts that he "was fed rotten meat on mildued [sic] trays" and has lost approximately forty pounds in three months. Compl. 4 & Attach. at 4. Whitfield also challenges searches of his home (by defendant Land and others) and mailbox (by an unidentified Nash County deputy sheriff). Compl. 6 & Attach. at 1, 4. In his amended complaint, Whitfield seeks "[a] declaration that the acts and [omissions] described herein violated plaintiff's rights under the Constitution and law[s] of the United States," "a preliminary and [permanent] injunction ordering defendants . . . to give [him] proper medication of narcotic base," and $250,000 in compensatory damages and $250,000 in punitive damages against each defendant. Am. Compl. 4.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 129 S. Ct. at 1948; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Courts evaluate confinement conditions of pretrial detainees under the due process clause of the Fourteenth Amendment, rather than under the Eighth Amendment. See, e.g., Bell v. Wolfish, 441 U.S. 520, 534 n.16 (1979). As a practical matter, however, the analysis under the due process clause and the analysis under the Eighth Amendment is materially indistinguishable. See, e.g., Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999); Riley v. Dorton, 115 F.3d 1159, 1166–67 (4th Cir. 1997) (en banc), abrogated on other grounds by Wilkins v. Gaddy, 130 S. Ct. 1175 (2010) (per

4

curiam); Hill v. Nicodemus, 979 F.2d 987, 990–92 (4th Cir. 1992). "In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted); see Grayson, 195 F.3d at 695. The first prong requires the plaintiff to show that "the deprivation of [a] basic human need was objectively sufficiently serious." Strickler, 989 F.2d at 1379 (quotation omitted) (emphasis omitted). Under the second prong, the plaintiff must show that "subjectively the officials acted with a sufficiently culpable state of mind." Id. (quotation and alteration omitted).

To meet the subjective prong, a plaintiff must show that the official acted with deliberate indifference. See, e.g., Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998); Strickler, 989 F.2d at 1379. "[D]eliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Deliberate indifference requires that an official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997); see Farmer, 511 U.S. at 837.

As for Whitfield's claim concerning his legal mail, legal mail may not be opened outside of the presence of the prisoner-addressee. See, e.g., Wolff v. McDonnell, 418 U.S. 539, 575–77 (1974). However, to state a claim for a constitutional violation, a plaintiff must show actual injury. See Lewis v. Casey, 518 U.S. 343, 350–54 (1996). In order to show the actual injury, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. at 353; Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d

5

1310, 1317 (4th Cir. 1996) (en banc). Whitfield failed to allege any injury from the opening of the mail. Moreover, he failed to connect any named defendant to the opening of his legal mail. Thus, Whitfield has failed to state a claim upon which relief can be granted, and the claim is dismissed.

As for Whitfield's claim concerning his canteen items, Whitfield has alleged, at most, that some official negligently failed to deliver his canteen items to him. However, a due process claim under section 1983 requires more than negligent conduct. It requires an intent to harm or deliberate indifference. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 846, 850 (1998); Daniels v. Williams, 474 U.S. 327, 328 (1986); Waybright v. Frederick County, 528 F.3d 199, 206 (4th Cir. 2008); McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir. 1986). Furthermore, even "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Here, an adequate post-deprivation remedy is available to Whitfield. See, e.g., Wilkins v. Whitaker, 714 F.2d 4, 6–7 (4th Cir. 1983). Because Whitfield has a meaningful post-deprivation remedy available in state court, this claim fails. Moreover, he failed to connect any named defendant to the non-delivery of his canteen items. Thus, Whitfield has failed to state a claim upon which relief can be granted, and the claim is dismissed.

As for Whitfield's claim asserting a denial of medical care, to state a section 1983 claim for inadequate medical care, "[p]retrial detainees, like inmates under active sentence, are entitled to medical attention, and prison officials violate detainee[s'] rights to due process when they are deliberately indifferent to serious medical needs." Nicodemus, 979 F.2d at 991 (quotation omitted); see, e.g., Bell, 441 U.S. at 535 n.16; Estelle v. Gamble, 429 U.S. 97, 104–05 (1976); Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001). In order to prove such a claim, Whitfield

"must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle, 429 U.S. at 104). A pretrial detainee, however, is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318–19 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. See, e.g., Estelle, 429 U.S. at 105–06.

Whitfield acknowledges that as soon as defendant Jenkins was notified of his need for medical attention, he was transferred to a facility where he "immediately" saw a doctor and received treatment. Although Whitfield would have preferred a different course of medical treatment, he has not stated a constitutional violation concerning his medical care against any named defendant, and the claim is dismissed.

As for Whitfield's claim regarding his concerns for his safety in being housed with three of his criminal co-defendants, "[jail] officials . . . must take reasonable measures to guarantee the safety of the inmates." Farmer, 511 U.S. at 832–33 (quotation and citation omitted). A jail official will not be liable for a failure to protect a pretrial detainee unless "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Whitfield's allegations fall far short of this standard. Whitfield does not allege that he expressed his safety concerns to any defendant; that there was a factual basis for his concerns of which any defendant was aware; or even that he suffered an attack as the result of being housed with his co-defendants. Thus, Whitfield has failed to state a claim upon which relief can be granted, and the claim is dismissed.

As for Whitfield's claim concerning his placement in disciplinary housing, "[a] pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice

7

and an opportunity to be heard; due process requires no less." Higgs v. Carver, 286 F.3d 437, 438 (7th Cir. 2002). Although Whitfield challenges the factual basis for his disciplinary charges, he does not allege that defendants denied him the required minimum procedures. Indeed, he has attached to his complaint a letter which indicates that he was afforded a disciplinary hearing prior to his placement in disciplinary confinement. Compl., Attach. at 14 (letter from defendant Smith to plaintiff). Thus, Whitfield has failed to state a claim upon which relief can be granted, and the claim is dismissed.

As for Whitfield's claim for money damages because his bond was set "unlawfully high," Whitfield must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. See, e.g., Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); Dunn v. Prince, 327 F. App'x 452, 453–54 (5th Cir. 2009) (per curiam) (unpublished); Walker v. Williams, C.A. No. 9:07-110-PMD, 2007 WL 486468, at *4 (D.S.C. Feb. 12, 2007) (unpublished). Whitfield makes no such allegation; therefore, he has failed to state a claim upon which relief can be granted, and the claim is dismissed.

As for Whitfield's claim concerning unsanitary food, "[i]t is well-established that inmates must be provided nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) (quotation and citation omitted); Bolding v. Holshouser, 575 F.2d 461, 465 (4th Cir. 1978). The court finds that Whitfield has sufficiently alleged the deprivation of a basic human need. However, Whitfield fails to connect any named defendant to the allegedly unsanitary food. He does not assert that any defendant was aware of the allegedly unsanitary food, or the effect it had on Whitfield. The court will allow Whitfield to amend this

claim to provide the name(s) of any defendant(s) directly responsible for the alleged unsanitary food.

As for Whitfield's challenge to the searches of his home and mailbox, it appears that the criminal proceedings against him remain pending. Thus, he must challenge the searches as part of his state criminal action. See, e.g., Dutton-Myrie v. Corbett, No. 3:CV-10-0354, 2010 WL 1541623, at *4 (M.D. Pa. Apr. 14, 2010) (unpublished); Torres v. Scudder, Civil Action No. 07-5957 (SDW), 2007 WL 4557637, at *3 (D.N.J. Dec. 21, 2007) (unpublished); Hill v. Courter, 344 F. Supp. 2d 484, 494 (E.D. Va. 2004). Thus, the claim is dismissed.

Next, the court addresses Whitfield's motion to appoint counsel [D.E. 7]. Whitfield asserts that his "imprisonment will greatly limit his ability to litigate" and "[t]he issues involved in this case are complex, and will require significant research and investigation." Mot. Appoint Counsel 1. No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and Whitfield's abilities do not present exceptional circumstances. Accordingly, Whitfield's motion to appoint counsel [D.E. 7] is denied.

Finally, the court addresses Whitfield's motion for default judgment [D.E. 8]. The motion is premature. An entry of default shall be made when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). In this case, no defendant's answer is due until 21 days after the defendant has been served with the summons and complaint. Fed. R. Civ. P. 12(a)(1).

9

Defendants have not been served in this case. Because no answer is yet due, Whitfield's motion for default judgment [D.E. 8] is denied.

In sum, the court GRANTS IN PART Whifield's motion to amend his complaint [D.E. 9], only as to the relief requested. The court DENIES Whitfield's motions to appoint counsel and for default judgment [D.E. 7–8]. Whitfield's complaint is DISMISSED IN PART, and only Whitfield's claim concerning unsanitary food, is allowed to proceed. Having failed to state a claim against defendants Jenkins, Smith, and Land, the court DISMISSES them from the action. The court permits Whitfield until July 28, 2011, to amend his claim concerning unsanitary food to name defendant(s) who were actually responsible for the unsanitary food and explain how any defendant(s) allegedly inflicted any injury. Whitfield shall provide each defendant with fair notice of the claims asserted against each defendant. Whitfield is WARNED that if he does not file an amended complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure and this order by July 28, 2011, the court will dismiss the action without prejudice. If Whitfield files an appropriate amended complaint, the court will then conduct frivolity review.

SO ORDERED. This __7__ day of July 2011.

JAMES C. DEVER III
United States District Judge