IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3151-D

| | | |
|---|---|---|
| DOUGLAS GENE WHITFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DICK JENKINS SHERIFF et al., | ) | |
| | ) | |
| Defendants. | ) | |

On August 26, 2010, Douglas Gene Whitfield ("Whitfield" or "plaintiff"), then a pretrial detainee proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983.[1] On July 7, 2011, the court reviewed Whitfield's original and amended complaints, allowed Whitfield's claim concerning unsanitary food to proceed, and directed Williams "to amend his claim concerning unsanitary food to name defendant(s) who were actually responsible for the unsanitary food and explain how any defendant(s) allegedly inflicted any injury" by July 28, 2011 [D.E. 11]. On July 15, 2011, Whitfield filed a notice of interlocutory appeal [D.E. 12]. On July 18, 2011, Whitfield timely filed a second amended complaint [D.E. 14], which the court allowed to proceed [D.E. 15]. On July 25, 2011, the clerk directed North Carolina Prisoner Legal Services, Inc., ("NCPLS") to investigate plaintiff's claim [D.E. 16]. On November 23, 2011, the Fourth Circuit dismissed Whitfield's appeal [D.E. 47]. On December 22, 2011, NCPLS filed a response to the order of investigation, indicating that it had

---

[1] On July 19, 2011, this court sentenced Whitfield to 120 months imprisonment, following his guilty plea to assaulting and putting in jeopardy the life of another person by the use of a dangerous weapon, in violation of title 18 of the United States Code, sections 2113 (a), (d) and (e) and 2. See No. 5:10-CR-00121-D-3 [D.E. 190].

investigated plaintiff's complaint and determined that appointment of counsel was not warranted. [D.E. 52].

Between August 3 and November 14, 2011, Whitfield filed seven motions to amend the complaint [D.E. 20–22, 25, 32, 34, 45]. On September 21 and October 11, 2011, Whitfield filed motions for appointment of counsel [D.E. 31, 33]. On October 11 and November 7, 2011, Whitfield filed motions for a preliminary injunction [D.E. 35, 43], to which defendants Smith and Stancil responded in opposition [D.E. 50]. On October 21, 2011, Whitfield filed a motion for a subpoena of various tapes and transcripts [D.E. 40].

Initially, the court addresses Whitfield's motions for appointment of counsel [D.E. 31, 33]. For the reasons stated in its July 7, 2011 order, the court again denies Whitfield's request for court-appointed counsel. See [D.E. 11] 9.

Next, the court addresses Whitfield's motions to amend his complaint [D.E. 20–22, 25, 32, 34, 45]. Because Whitfield has already amended his complaint, he may not do so again without the written consent of opposing counsel or leave of this court. Fed. R. Civ. P. 15(a)(2). While the court will "freely give leave [to amend] when justice so requires[,]" id., "belated claims which change the character of litigation are not favored[.]" Smith v. Angelone, 111 F.3d 1126, 1134 (4th Cir. 1997) (quotations, alteration, and citation omitted). Additionally, the court is not required to grant a plaintiff leave to amend when "the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quotation omitted).

The court has already exhaustively reviewed Whitfield's many allegations, see [D.E. 11] 3–9, and will not do so again, except to note that Whitfield's remaining claim is for being served unsanitary food at the Nash County Jail, and that the court previously dismissed Whitfield's claims against Nash County Sheriff Dick Jenkins, Lieutenant Randle Smith, and Detective Darrel Land.

2

[D.E. 11] 10. In doing so, it advised Whitfield to pursue his allegations of any constitutional violations by these defendants in his state criminal actions. Thus, to the extent Whitfield seeks to resuscitate his claims against these defendants or continues to allege pretrial wrongs by various law enforcement officers and others, see, e.g., [D.E. 25] 1, [D.E. 32] 2, [D.E. 34] 1–3, the court denies his motions.

To the extent Whitfield seeks to assert entirely new claims against entirely new defendants, see, e.g., [D.E. 21] 2, [D.E. 45] 1–2, his motions implicate Rule 20(a)(2) of the Federal Rules of Civil Procedure, which states:

> Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 20(a)(2) does not provide a license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. See, e.g., George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348, 1350–51 (9th Cir. 1997); Showalter v. Johnson, No. 7:08cv00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009) (unpublished); Robinson v. Johnson, No. 3:07CV449, 2009 WL 874530, at *1 (E.D. Va. Mar. 26, 2009) (unpublished). Whitfield's proposed additional claims are unrelated to the claim remaining in his first amended complaint. Thus, the court denies his motions to amend.

Next, the court addresses Whitfield's motions for a preliminary injunction [D.E. 35, 43]. It appears that Whitfield seeks a preliminary injunction concerning his state criminal charges in Nash and Franklin Counties. [D.E. 35] 1–2; [D.E. 43] 1–3. The substantive standard for granting a temporary restraining order is the same as that for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may

3

grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009) (quotations omitted), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Whitfield has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, Whitfield has failed to meet his burden of proof. Accordingly, the court denies Whitfield's motions for a preliminary injunction [D.E. 35, 43].

Next, the court addresses Whitfield's motion for a subpoena [D.E. 40]. Whitfield seeks "the 911 call from ADT to Nash County's sheriff department . . . [from] June 2009 between 10:00AM and 4:00PM." [D.E. 40] 1. This motion also appears to concern the criminal proceedings in Nash County, and thus is not "relevant to the claim or defense of any party" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Accordingly, the court denies Whitfield's motion for a subpoena [D.E. 40].

Finally, on November 10, 2011, the United States Marshal Service filed a return of service indicating that all defendants were served on November 1, 2011 [D.E. 44]. On November 18, 2011, defendants Stancil and Smith answered the complaint [D.E. 46]. Defendant Lee has not

4

answered the complaint. Not later than February 3, 2012, counsel for defendants Stancil and Smith shall notify the court whether she will represent Lee, and accept service of the complaint on his behalf. If counsel is not authorized to accept service, she shall explain whether defendant Lee has been served, and if not, provide an address for service or inform the court that no such address is available. Counsel may file her response under seal if necessary, and the court will disclose any address only to anyone engaged in providing service of process.

In sum, the court DENIES Whitfield's motions [D.E. 20–22, 25, 31–35, 40, 43], and DIRECTS counsel for defendants Stancil and Smith to file a response to this order not later than February 3, 2012.

SO ORDERED. This 24 day of January 2012.

JAMES C. DEVER III
Chief United States District Judge